Mr. Justice Clayton
delivered the opinion of the court.
The only question in this case is, whether the giving of a *624 bond to replevy property under the first section of the act of 1843 in regard to attachments, has the effect to discharge the lien created by the levy of the attachment, so as to let in a judgment obtained after the levy, but before the judgment in the attachment suit.
The section in substance enacts, “ that attachments shall hereafter be repleviable at any time before final judgment, on the appearance of such defendant, and his execution of a bond-with sufficient security, payable to the plaintiff in a sum double the value of the property attached, and conditioned to have said property forthcoming to abide the order or decree of the court, to which said writ of attachment shall be returnable, or in default thereof, to pay and satisfy, to an extent not exceeding the value of said property, such order or decree of said- court.” Hutch. 819.
Previous to 1840, when the law in regard to bail -was repealed, the defendant in attachment might, by appearing and giving bail, discharge the attachment, and consequently its lien, and the suit thereafter proceeded, as if it had been commenced in the ordinary way. The attachment, in such case, became a mere substitute for personal service of process. In consequence of this it was decided, after the abolition of bail upon civil process, that the simple appearance and plea of the party, without bond of any kind, discharged the attachment. Garrett v. Tinnen, 7 How. 465. The law of 1843 was passed to cure the defect,' which had thus become apparent, after the law of 1840 had done away with bail. It has been decided, that where there had been no appearance of the defendant, the lien of the attachment existed from its levy, and that by relation, the judgment lien extended to the same time. Redus v. Wofford, 4 S. & M. 593; Oldham v. Ledbetter, 1 How. 48.
The fourth section of the act of 1843 provides, that the appearance of the defendant “shall not affect any lien created by the attachment..” Hutch. 820. The only question then is, whether giving the bond discharges the lien.
The intention of the act of 1843 was to restore, in some degree, the efficiency of the process by attachment, which had been *625 rendered of little practical utility by the law abolishing bail. It provides a replevy bond, instead of the old bail bond, the object of which is to enable the defendant to retain the possession of the property, until it might be required to satisfy the judgment. Then he and his surety are bound to have it forthcoming for the purpose. The attachment created a special lien on the property attached. The very terms of the obligation, “ to have the property forthcoming to abide the judgment,” indicate an intention still to preserve the lien. The law does not let go its hold upon it, but transfers the custody from the officer to the defendant, upon certain conditions.
If this be not so, and if the bond discharges the lien of the attachment, then the creditor may be no better off than he was before the passage of the act. The bond may prove a prejudice, instead of a benefit, to him. The debtor can surrender the property, in discharge of the obligation imposed by the bond. But if the lien of the attachment created by the levy be gone, and only the judgment lien remain, then an intermediate judgment, junior to the attachment, may take the property, and thus defeat the attachment as well as the whole object of the statute. And such was the decision in this case, in the court below.
The judgment is reversed, and this court proceeding to give the judgment which the court below ought to have given, directs that the money in controversy be applied, so far as may be necessary for the purpose, to the payment of the judgment of William C. Gray against D. Harrison, to the exclusion of the judgment of the defendant in error.
Judgment reversed.